## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **CRIM NO. 22-CR-243(CKK)** |
| **JODI WILSON,** | ) |
| | )  **Judge: Kollar-Kottely** |
| | ) |
| **Defendant.** | ) |

## <u>MOTION FOR RECONSIDERAION OF SENTENCE</u>

COMES NOW Jodi Wilson, through counsel, and requests that the court reconsider the sentence issued to Ms. Wilson in this matter.  As reasons therefor, defendant states as follows:

1.      On October 24, 2022, Defendant Wilson attempted to enter her guilty plea pursuant to a plea agreement in the present matter. The plea involved Ms. Wilson pleading guilty to Count 4 of the Information, namely Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Due to concerns about Ms. Wilson's statements regarding the Statement of Offense, the court did not take her plea at that time.

2.      On December 14, 2022, the plea colloquy resumed. On that date, the plea was completed, and the court accepted Ms. Wilson's plea. A transcript of the plea colloquy is attached hereto as Exhibit A, and incorporated into this motion

1

herein.

3.     On June 5, 2023, Ms. Wilson was sentenced on Count 4 to twenty (20) days incarceration, thirty-six (36) months term of probation, and a special assessment of $10.00. In determining the sentence, the court indicated its concern about Ms. Wilson's statements being contradictory to what was said to the presentence report writer and to the FBI, and therefore felt that incarceration, as opposed to home confinement, was appropriate. The court originally sentenced Ms. Wilson to twenty-five (25) days incarceration, based upon the court believing that Ms. Wilson talked to the FBI and made contradictory statements after her plea. However, when the parties jointly clarified that Ms. Wilson's statements to the FBI were made at the time of the arrest and not after the plea, the court reconsidered and made Ms. Wilson's sentence only twenty (20) days. In its explanation of the sentence, the court appeared to suggest that incarceration was necessary due to Ms. Wilson's allegedly contradictory statements.

4.     The defense respectfully indicated that Ms. Wilson has always been consistent with her statements in that she believed she was allowed to enter into the U.S. Capitol, as she passed by a uniformed police officer and was not stopped. This was her statement to the FBI and at the time of the plea.

5.     It is the defense's hope that after the court reviews the transcript, the

court would be willing to reconsider its sentence, as the defense believes the sentence issued, particularly the incarceration as opposed to home confinement, was due to the court believing Ms. Wilson was not truthful and/or contradictory in her statements, and would, upon review of the transcript and the record, consider a slightly more lenient sentence.

6.      As the court can see from the plea colloquy on December 14, 2022, Ms. Wilson, defense counsel, and the court had significant discussions about Ms. Wilson's entry into the building and whether her entry was an element needed for Count Four:

> **THE COURT:** All right. And to act willfully and knowingly is to be aware and knowingly violate a legal obligation not to commit the charged offense. So were you aware that you -- in other words, you knew what you were doing in terms of going into the Capitol, when you knew it was unauthorized to be there. Would that be accurate?
>
> **THE DEFENDANT:** It was a little unclear at the time. So I want to say, yes. But there were a lot of police officers, you know, around that didn't say, You got to get out of here. I wasn't sure. You know? But looking back on it, at this point, yeah. I just was naive and not really thinking properly.
>
> **THE COURT:** Okay. But I think the problem is, you know, it has to be at the time that you're actually agreeing when you went into the Capitol that you were not allowed to be in there. Are you indicating to me whether or not -- I mean, frankly, I didn't hear that you knew at the time. It seems to be you knew afterwards, but that's not the point. And I don't want you to give me the answer that you think I want to hear. There were other things that would see [sic] to indicate to you that you were not supposed to be in there. Would you agree with that or not?

3

**THE DEFENDANT:** Yes. When they sprayed tear gas in the Capitol and a buzzer went off, yes, I realized it at that moment so, yes.

**THE COURT:** So are you indicating you didn't know before you went in but you knew once you were in or what are you indicating?

**THE DEFENDANT:** I knew -- well -- this was two years ago. I mean, I --

**THE COURT:** Well, it seems to me you either knew, Ms. Wilson, that you shouldn't have been in there when you went, in or once you were in there, that shouldn't have been there.

**THE DEFENDANT:** Yes.

**THE COURT:** If you didn't have that knowledge then, say so. If you did, then tell me that. I need to know whether you knew you shouldn't go into the Capitol, 'cause you weren't authorized, you weren't lawful to be there and/or that once you were in the Capitol, you realized you were not authorized to be there and it was unlawful. *Exhibit A, Transcript at 20-22.*

7.      At this point, defense counsel interjected by arguing that the charge to which Ms. Wilson was pleading guilty to did not have a requirement of being unlawfully within the U.S. Capitol as part of its elements:

**MR. MACHADO:** Your Honor, before she answers, given the fact that she is pleading to the parading --

**THE COURT:** Right.

**MR. MACHADO:** - this seems to be factors, as far as a different charge that has no relevance to what she is pleading to, respectfully. Because I –

**THE COURT:** She has to indicate -- to parade she has to indicate that she's in there and willfully, knowingly violated a legal obligation not to commit an offense. So granted she's not allowed to be parading. But part of the point is, she's not authorized to be in there to be protesting. So she has to agree either she recognized she shouldn't have been in there lawfully or once she was in there, you are not allowed to parade. But she had to also know she shouldn't have been in there.

**MR. MACHADO:** Your Honor, I'm sorry. Because I know the position of Ms. Wilson. I just want to be clear. If Congress was in session, in a normal session, it still would be illegal to do it, even if she entered properly. It would still be a violation of this particular law she is pleading guilty to.

**THE COURT:** You have to say that again. I don't understand what you are saying.

**MR. MACHADO:** Okay. You cannot parade or protest, even if you had permission to go into the Capitol. I don't think that's an element.

**THE COURT:** I think you have to have some thought in terms of parading, going in there to parade, since what she did is go in, take some photographs and leave. I mean, the parading has to be including some sort of march for some other thing. I think that you do need to know you shouldn't be in there and you were there in order to protest. If she can agree to that I can accept it. If she can't, whether she found out on her way in or in there -- granted, you are not allowed to parade as well. But the point is, the parading is somewhat limited in terms of what she's doing. I mean, the bigger issue is whether she knew she wasn't meant to be in there.

Did you know you weren't allowed to parade in the Capitol?

**THE DEFENDANT:** Yes.

**THE COURT:** Okay. So you knew you can parade but you thought you could still go in?

**THE DEFENDANT:** I shouldn't have went. I'm sorry. I am so sorry. *Exhibit A, Transcript at 22-23.*

8.      The court continued with a willingness to accept the plea if Ms. Wilson would admit that once she was in the U.S. Capitol, she had reason to know she was not allowed to be there once she was inside. The court eventually determined that this was sufficient for the plea to be accepted:

> **THE COURT:** Well, that's not the issue. The issue is -- I'm still trying to figure out -- did you come to a realization at some point, either on your way in or when you were in there, that it wasn't lawful for you to be in there? Parading is being with other people protesting.
>
> **THE DEFENDANT:** Yes, your Honor. Yes.
>
> **MS. EVE:** Your Honor, I think that the Court has properly characterized the situation. It's whether the defendant -- it doesn't matter whether the defendant knew when she entered the Capitol or while she's inside the Capitol, the element of the offense, as the Court has articulated, is met.
>
> **THE COURT:** I don't know what you mean by, "It doesn't matter." I mean, it doesn't matter whether she knew going in or afterwards, but at some point she has to realize it.
>
> **MS. EVE:** Correct. Correct.
>
> **MR. MACHADO:** Your Honor, I think her – my understanding is, we've had an issue about whether she had permission or not, but I think that she would admit that once she heard alarms and pepper spray, she realized she shouldn't have been there. If the Court is willing to accept that, then I think we can proceed.

**THE COURT:** But that's why I am saying. On the way in or once she was in there, if she realizes she is not authorized to be in there, and presumably she went in to protest the certification, as I understand it.

**MR. MACHADO:** Yes.

**THE COURT:** Can we agree, Ms. Wilson, that once you were in there, hearing sirens, pepper spray from the police, that you were not lawfully able to be in there? Would you agree with that?

**THE DEFENDANT:** Yes.

**THE COURT:** And would you agree that you went into the Capitol in order to protest the certification, along with the others?

**THE DEFENDANT:** Yes.

**THE COURT:** All right. It's a thin one but I will accept it.

**THE DEFENDANT:** Thank you.

**THE COURT:** All right.  *Exhibit A, Transcript at 24-25.*

9.      Accordingly, it is for these reasons that the defense has insisted that Ms.

Wilson has been consistent in her statement to the court and has not tried to

minimize her actions. Ms. Wilson was consistent in her clearly mistaken belief that

she was allowed to enter the U.S. Capitol. She also admitted that she became aware

that she should not have been there upon being questioned by the court.

Accordingly, and respectfully, the court's belief that Ms. Wilson was not consistent

from the time of the plea through the time of the sentencing is not borne out by the

record.

7

10.     If it was the court's intention to make Ms. Wilson serve time in prison, as opposed to home confinement, because of any fault or inconsistency in her position, the defense would respectfully ask the court to reconsider such a position. Accordingly, Ms. Wilson would ask for the court to reconsider its sentence with the hope of allowing her home confinement rather than prison and/or reduce the number of days of incarceration.

11.     The defense will further request that Ms. Wilson's day to report to the prison be stayed until this motion has been decided by the court.

WHEREFORE, for the reasons discussed above, Jodi Wilson would respectfully request for the court to reconsider her sentence and change her prison sentence to home confinement and/or reduce the number of days to be served.

Respectfully submitted,

JODI WILSON
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar. No. 449961
Counsel for Jodi Wilson
503 D Street, N.W., Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

8

## **Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 10th day of July, 2023, which will send a notification of such filing (NEF) to the following to all counsel of record.

    /s/John L. Machado

John L. Machado, Esq.
Bar Number 449961
Attorney for Jodi Wilson
Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com