UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>JODI WILSON,<br><br>        Defendant. | Criminal Action No. 22-243-01 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(July 26, 2023)

Pending before this Court is Defendant Jodi Wilson's [100] Motion for Reconsideration of Sentence ("Def.'s Mot.") and the Government's [101] Response thereto ("Govt. Resp."). By means of a Minute Order dated July 11, 2023, this Court set a due date of July 25, 2023 for "Defendant's Reply, if any." No reply has been filed by Defendant. Upon review of the pleadings and the record as a whole, this Court DENIES Defendant Jodi Wilson's [100] Motion for Reconsideration of Sentence.

**I. BACKGROUND**

On October 24, 2022, this Court began its plea colloquy with Defendant Wilson, who was pleading guilty to Court 4 of the Information, a charge of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Because of concerns regarding statements by Ms. Wilson pertaining to the Statement of Offense, Ms. Wilson's plea was not taken. On December 14, 2022, the plea colloquy resumed, and it was completed.

On June 5, 2023, Ms. Wilson was sentenced on Count 4 to twenty (20) days of incarceration and thirty-six (36) months of probation. The Court originally sentenced Ms. Wilson to twenty-five (25) days of incarceration, in part based upon the Court believing that Ms. Wilson talked to

1

the Federal Bureau of Investigation ("FBI") and made contradictory statements after her plea. When the parties jointly clarified that Ms. Wilson's statements to the FBI were made at the time of her arrest, the Court modified Ms. Wilson's period of incarceration from 25 to 20 days.[1]

Defendant's Motion for Reconsideration is based on two contentions, neither of which is fully accurate or supported by the record in this case: (1) Defendant's conclusion that "the court indicated its concern about Ms. Wilson's statements being contradictory to what was said to the presentence report writer, *and therefore felt that incarceration, as opposed to home confinement, was appropriate*;" and (2) Defendant's statement that "Ms. Wilson has always been *consistent with her statements in that she believed she was allowed to enter into the U.S. Capitol*, as she passed by a uniformed police officer and was not stopped." Def.'s Mot., ECF No. 100, at 2 (emphasis added by the Court to indicate inaccuracies). Later in her Motion, Defendant qualifies the first statement by stating: "*If it was the court's intention* to make Ms. Wilson serve time in prison, as opposed to home confinement, because of any fault or inconsistency in her position . . . Ms. Wilson would ask for the court to reconsider its sentence . . . " *Id.* at 8 (emphasis added by the Court).  Ms. Wilson requests that her sentence be modified to substitute home confinement for incarceration and/or to provide a reduction in the period of incarceration. The Government opposes that request.

---

[1] On July 5, 2023, the Court sentenced Ms. Wilson's son, Cole Temple, to fourteen (14) days of intermittent confinement as part of a period of thirty-six (36) months of probation. *See* July 7, 2023 Judgment, ECF No. 98.  The Government notes that Mr. Temple "took ownership of the fact that he knowingly and unlawfully entered the Capitol," and he acknowledged recording statements and posting videos. Govt. Resp., ECF No. 101, at 9.  The Government concludes that Mr. Temple's role was not as significant as Ms. Wilson's based on his informing the Court "that he traveled to the District of Columbia with his mother, Jodi Wilson, and, while in the District, tried to protect Wilson when she engaged in aggressive behavior." *Id.*

## II. ANALYSIS

Regarding the first contention by the Defendant, the Government notes succinctly that the "Motion for Reconsideration appears to rest entirely on the Court's misunderstanding of what controversial statements the Court believes Wilson made, believing that they were made following the plea hearing, [but] the record makes clear that the Court corrected the mistake prior to imposing a sentence." Govt. Resp., ECF No. 101, at 8. Accordingly, the original twenty-five (25) days of incarceration was modified to twenty (20) days of incarceration, and the Government – which had asked for twenty-eight (28) days of incarceration – "accepted the Court's decision to impose the lesser sentence." *Id.* While Defendant's sentence was reduced in part by this Court, in order to correct for a misconception that *Ms. Wilson made inconsistent statements post-plea*, the Court noted that Ms. Wilson lied to the FBI *before* the plea.[2] Furthermore, this Court did not represent that the inconsistency in Defendant's statements was the sole basis for her sentence of incarceration or the reason for opting for incarceration versus home confinement. Defendant's sentence corresponds to the *actions* she took on January 6, 2021, as they relate to the Count on which she entered a plea of guilty, and such actions are supported by videos and other evidence.

Defendant's second contention that "Ms. Wilson [has been] consistent in her clearly mistaken belief that she was allowed to enter the U.S. Capitol" and she "has not tried to minimize her actions," Def.'s Mot., ECF No. 100, at 7, is belied by the record in this case. Defendant focuses on her affirmative response to the Court's question: "Can we agree, Ms. Wilson, that once you were in [the Capitol], hearing sirens, pepper spray from the police, [ ] you were not lawfully able

---

[2] The Government notes that, initially during the FBI interview, Ms. Wilson denied going into the U.S. Capitol until she was shown surveillance photographs, at which point she "falsely claimed that she asked for permission to enter the Capitol and that police officers 'held the door open for" her, and that an officer told her she could go inside. . . ." Govt. Resp., ECF No. 101, at 1-2 (quoting in part from Govt. Sent. Mem., ECF No. 84, at 13).

to be in there? Plea Transcript, ECF No. 100-1, at 25:4-8. But that focus ignores the remainder of the plea colloquy where Ms. Wilson vacillated in her responses regarding when and if she was aware that she was not allowed to enter the Capitol. Ms. Wilson responded to the Court's questioning as follows:

> THE COURT: So let me just start. Were you aware on January 6th that, in terms of the grounds, at least, of the Capitol, only authorized people were being allowed on to the grounds and into the U.S. Capitol. Were you aware of that?
>
> THE DEFENDANT: I was.
>
> THE COURT: In terms of paragraph 5 [of the Statement of Offense], would you agree the crowd was not lawfully authorized to enter or remain in the Capitol, and they would not have had any security clearance or screenings, if they had gone into the Capitol. Would you agree with that?
>
> THE DEFENDANT: Yes.
>
>       \*   \*   \*
>
> THE COURT: Okay. Were you aware that the [bike] rack was there to keep you out?
>
> THE DEFENDANT: I mean, yeah, I guess. It was kind of unclear because somebody in the crowd had said they were going to let us in. I shouldn't have believed that person so . . .
>
> THE COURT Okay. When you went into the Capitol, were you aware that you were not authorized to be in the Capitol?
>
> THE DEFENDANT. Yes. Yes.

Plea Transcript, ECF No. 100-1, at 13-16.

This contrasts with other statements by Ms. Wilson made during the plea hearing, as follows:

> THE COURT: All right. And to act willfully and knowingly is to be aware and knowingly violate a legal obligation not to commit the charged offense. So were you aware that you – in other words, you knew what you were doing in terms of going into the Capitol, when you knew it was unauthorized to be there. Would that be accurate?

4

> THE DEFENDANT: It was a little unclear at the time. So I want to say, yes. But there were a lot of police officers, you know, around that didn't say. You got to get out of here. I wasn't sure. You know? But looking back on it, at this point, yeah, I just was naïve and not really thinking properly.

Plea Transcript, ECF No. 100-1, at 20:12-23.

Furthermore, with regard to minimizing her actions, the Government contends that the video evidence provided to the Court reveals that "Wilson encouraged other rioters and aggressively chastised police officers manning the bicycle racks prior to her and others grabbing and moving the racks that enabled her and others' access into a restricted area on the East Front of the Capitol." Govt. Resp., ECF No. 101, at 9. "Consequently, at the sentencing hearing, the Court noted that Wilsons's statements at the plea hearing demonstrated only a minimal amount of acceptance of responsibility, particularly when Wilson indicated her belief that entry into the Capitol was permissible. *Id.*

After adjusting Ms. Wilson's sentence downward by five (5) days, to account for the misconception that Ms. Wilson lied to the FBI *after* her plea, the Court focused on Ms. Wilson's actions on January 6, and the evidence supporting the Government's account of those actions. The Court specified why home confinement was not appropriate, and that was based on Ms. Wilson's actions that day, which the Court found did not merit a sentence in the community. The Court noted that nothing else changed with regard to the remainder of Ms. Wilson's sentence after the five (4) day downward adjustment.

Accordingly, in the instant case, upon consideration of the Defendant's Motion for Reconsideration, the Government's opposition, and the record in this case, the Court finds that there is no basis for further modification of Ms. Wilson's sentence. It is therefore this 26th day of July 2023,

ORDERED that Defendant's [100] Motion for Reconsideration of Sentence be and hereby is DENIED.

                                                                                  _____/s/_____
                                                                                   COLLEEN KOLLAR-KOTELLY
                                                                                    UNITED STATES DISTRICT JUDGE